IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff, <br> <br> v. <br> <br> 13275 EMERALD HILLS, <br> EL PASO, TEXAS, <br> INCLUDING ALL BUILDINGS, <br> APPURTENANCES, AND <br> IMPROVEMENTS THEREON, <br> Defendant. | § § § § § § § § § § § § | NO:   4:19-cv-413 |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to a violation of 21 U.S.C. §§ 846 and 848.

Defendant in Rem

2. The Defendant Property is the real property located at 13275 Emerald Hills, El Paso, Texas, the property was further described as: BLK 27 THE ESTATES AT EMERALD PARK #2 LOT 7 (hereinafter, "The Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Property is subject to forfeiture pursuant to 21 U.S.C. § 881(6) because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 846 and 848, or all proceeds traceable to such an exchange.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are briefed below and contained in the Affidavit of Special Agent Wm. Barrett Byrd, which is attached hereto and incorporated herein by reference.

8. In September of 2015, Special Agents (hereinafter, "SA") and Task Force Officers (hereinafter, "TFO") assigned to the DEA's Dallas Field Division (hereinafter, "HIDTA") arrested numerous individuals associated with the Jose Alonso BARRERA Drug Trafficking Organization (hereinafter, "BARRERA DTO") on charges out of

the Eastern District of Texas. A federal grand jury indicted those arrested for conspiracy to distribute and possess with intent to distribute marijuana and cocaine. Subsequent proffer interviews led to the identification of other co-conspirators within the BARRERA DTO, in addition to other drug trafficking organizations separate from the BARRERA DTO. In total, thirty-three (33) individuals associated with the BARRERA DTO have been indicted and arrested, including DTO leader Jose Alonso BARRERA.

9. SA Byrd was advised of a Hispanic male known "Mono" who was believed to be a marijuana source of supply. SA Byrd learned of "Mono's" location in Frisco, Texas.

10. DEA Intelligence Analyst M. Curtis was able to identify "Mono" as Arturo ATILANO (hereinafter, "ATILANO") through researching public databases and social media.

11. Agents advised that ATILANO is from Chihuahua, Mexico, and that ATILANO and his brother, NICANDRO ANTONIO ATILANO (hereinafter, "NICANDRO ATILANO"), are associated with a Mexico-based drug trafficker named Raul BORUNDA (hereinafter, "BORUNDA"). ATILANO has a large amount of money, and owns property in Frisco, Texas, and Marco Island, Florida.

12. On December 1, 2016, DEA seized 551 pounds of marijuana pursuant to a traffic stop that was initiated after one of BORUNDA's workers transported marijuana from Midland, Texas, to Dallas, Texas. On the same day, DEA's seized approximately 850 pounds of marijuana from a ranch in Midland, Texas, where BORUNDA's worker picked up the marijuana that he brought to Dallas.

13. On January 5, 2017, ATILANO encouraged an individual to pay BORUNDA the money that was owed for drugs fronted by BORUNDA.

14. On January 30, 2017, DEA TFO Travis Putman was contacted by DEA TFO Michael Bornstein who works out of DEA's Long Island, New York, office. TFO Bornstein advised TFO Putman that he had received information approximately one week earlier regarding ATILANO. TFO Bornstein stated that ATILANO has multiple stash houses filled with cocaine and transports cocaine from El Paso, Texas, to Dallas, Texas. TFO Bornstein further learned that ATILANO is best friends with Edel MENDOZA Sr. (hereinafter, "MENDOZA Sr.").

15. On March 20, 2017, MENDOZA Sr. and Edel MENDOZA Jr. (hereinafter, "MENDOZA Jr.") met with others at a restaurant in Frisco, Texas, to discuss the transportation of cocaine.

16. On April 20, 2017, ATILANO and MENDOZA Sr. met with others at a restaurant in Frisco, Texas, to discuss a cocaine transaction.

17. On June 18, 2017, ATILANO and NICANDRO ATILANO sat down with MENDOZA Sr., and others at the 54th Street Bar and Grill in Frisco to discuss a cocaine transaction. NICANDRO ATILANO stated that he is selling cocaine in El Paso for $24,000.00 per kilogram, and that they (NICANDRO ATILANO, MENDOZA Sr., and ATILANO) could provide as much as 22 kilograms of cocaine.

18. On August 1, 2017, TFO Fonseca spoke with MENDOZA Sr. by telephone in an attempt to negotiate the purchase of 10 kilograms of cocaine. MENDOZA Sr. stated that there were five kilograms of cocaine being sent from El Paso, Texas, that would

be in Dallas, Texas, on August 2, 2017. MENDOZA Sr. stated that NICANDRO ATILANO would accept $27,000.00 per kilogram of cocaine after MENDOZA Sr. spoke to ATILANO.

19. A law enforcement inquiry revealed that NICANDRO ATILANO was identified as a suspected marijuana source of supply during a 2015 investigation conducted by the United States Border Patrol's Big Bend Sector and the DEA's El Paso Field Division. During the investigation, it was discovered that NICANDRO ATILANO hired drivers to transport marijuana from West Texas to Dallas, Texas, on multiple occasions. NICANDRO ATILANO would follow the marijuana-loaded vehicles to Dallas, Texas, in a separate vehicle. Once the marijuana arrived safely in Dallas, NICANDRO ATILANO would pay each of the drivers $3,000.00 in U.S. currency for transporting the marijuana.

20. On March 31, 2015, NICANDRO ATILANO created a company called Tex One Renovations, Inc. On May 28, 2015, NICANDRO ATILANO opened a bank account at JP Morgan Chase Bank in the name Tex One Renovations, Inc. and listed ATILANO as a signer on the bank account. In 2015, $1,824,180.25 was deposited into this JP Morgan Chase Bank account. In 2016, $2,334,113.17 was deposited into this JP Morgan Chase Bank account. The following wires were sent to Mexico: $100,000.00 was wired on January 6, 2016; $200,000.00 was wired on July 19, 2016; and $80,000.00 was wired on September 13, 2016. JP Morgan Chase Bank closed this account for suspicious wire transfers.

21. On January 9, 2017, Anthony ATILANO and NICANDRO ATILANO purchased a 2017 Ford F-150 Raptor 4X4 truck for $74,755.00. This truck was paid for with a trade in vehicle and a JP Morgan Chase Bank cashier's check and a check from Tex One Renovations, Inc. This was the vehicle ATILANO was driving.

22. Iovanna ATILANO'S American Express credit card was subpoenaed. From 2013-2016 it appears that she has spent $400,448.52 for personal expenses. Most of the payments each month pay the balance of this credit card came from wires transfers from Tex One Renovations, Inc.

23. The Texas Workforce Commission showed no reported income during the period of the drug conspiracy for ATILANO, Iovanna ATILANO, NICANDRO ATILANO, and Anthony ATILANO.

24. An ex-parte order was signed and it showed that ATILANO, Iovanna ATILANO, and Anthony ATILANO have not filed a federal income tax return. NICANDRO ATILANO filed a federal income tax return for the following years: 2010 he claimed $21,000.00; 2011 he claimed $18,000.00; 2012 he claimed $17,353.00; 2013 he claimed $19,620.00; 2014 he claimed $17,440.00; and in 2015 he claimed $15,017.00.

25. The El Paso County Central Appraisal District and El Paso County Clerk's Office lists NICANDRO ATILANO as the owner of the Property at 13275 Emerald Hills Lane. On July 6, 2017, a subpoena was sent to El Paso Electric Company. The resulting documents provided by El Paso Electric Company show NICANDRO ATILANO to be The Property's current account holder. Public database reports and

NICANDRO ATILANO's Texas Driver's License also listed The Property location as NICANDRO ATILANO's residence. Surveillance of The Property identified a male who appeared to be NICANDRO ATILANO coming and going from the location.

26. As described in this affidavit, this investigation has identified NICANDRO ATILANO as a conspirator within a cocaine and marijuana trafficking organization. IRS records reveal that NICANDRO ATILANO reported an average annual income of $17,486.00 between the years 2011- 2015.  However, during that same period, NICANDRO ATILANO had paid The Property's mortgage off in full, and has moved millions of dollars through Tex One Renovations' bank account.

27. On July 12, 2017, NICANDRO ATILANO along with eight (8) other individuals were indicted out of the Eastern District of Texas (his brother ATILANO was also indicted on this date). ATILANO's properties in Florida were indicted, and forfeited. ATILANO also forfeited his Ford Raptor truck, his wife's Mercedes C 300, and his son's BMW I-8. NICANDRO ATILANO's property, 13275 Emerald Hills, El Paso, Texas was indicted. Everyone listed in the indictment has plead and been sentenced except NICANDRO ATILANO. NICANDRO ATILANO fled to Mexico after a search warrant was executed on 13275 Emerald Hills, El Paso, Texas.

Potential Claimants

28. Potential claimants to the Defendant Property may include:

   a. Nicandro Atilano – 13275 Emerald Hills St, El Paso, Texas, 79928;

   b. Sandra Sandoval Sanchez-Atlilano – 14031 Pebble Hills Blvd., Apt. 43, El Paso, Texas, 79938.

Claim for Relief

29. The United States respectfully requests that the Court forfeit The Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____/s/_____
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

**CERTIFICATION OF FILING OF MOTION TO SEAL**

Pursuant to Local Rule CV-5(a)(7)(A), undersigned counsel certifies that on June 5, 2019, Plaintiff filed a Motion to Seal Affidavit Supporting the Complaint for Forfeiture In Rem.

[Doc. #2]

*/s/ Kevin McClendon*_____
KEVIN MCCLENDON
Assistant United States Attorney

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Wm. Barrett Byrd, hereby state that:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*/s/ Wm. B.*

Wm. Barrett Byrd
Special Agent
Internal Revenue Service

Dated 05/31/2019

# Affidavit Supporting the Complaint for Forfeiture In Rem Filed Under Seal

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
13275 Emerald Hills, El Paso, Texas

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Collin**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/05/2019

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____